J-A08002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS WALKER MANELLA | : | |
| | : | |
| Appellant | : | No. 99 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 4, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0002598-2019

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JUNE 29, 2021**

Nicholas Walker Manella appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas. Manella contends that Subchapter H of the Sex Offender Registration and Notification Act ("SORNA II"), 42 Pa.C.S.A. §§ 9799.10-9799.41, violates the United States and Pennsylvania Constitutions. However, Manella failed to preserve his constitutional challenges in a post-sentence motion, and therefore waived these claims. For that reason, we affirm.

Manella concealed a video camera in a locker room to capture women in stages of undress for his own sexual gratification. The Commonwealth filed a criminal information charging him with various offenses related to the incident. Manella entered a negotiated guilty plea to one count of attempted

---

[*] Former Justice specially assigned to the Superior Court.

invasion of privacy and one count of harassment.[1] The trial court sentenced

Manella in accordance with the terms of his plea agreement to three years'

probation and ordered him to register as a Tier I sexual offender under

Subchapter H of SORNA II.[2] Manella did not file a post-sentence motion.

Thereafter, Manella filed a timely notice of appeal. The trial court issued

an order directing Manella to file a 1925(b) statement within twenty-one days.

Manella filed a timely 1925(b) statement.

On appeal, Manella raises three issues for our review:

1.Whether [SORNA II] denies [offenders] substantive and procedural due process under Articles 1 and 11 of the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses, such as . . . Attempted Invasion of Privacy, 'pose a high risk of committing additional sexual offenses[,]' thereby depriving those individuals of their fundamental right to reputation without notice and an opportunity to be heard?

2.Whether, because [SORNA II] imposes punishment without adequate process and is not narrowly tailored to serve a compelling state interest, but instead is premised upon an irrebuttable presumption about future likelihood to commit sexual offenses, SORNA's registration and notification provisions are constitutionally excessive in violation of the Eighth Amendment's proscription against cruel and unusual punishment and the corresponding proscription embodied in Pennsylvania's Constitution?

---

[1] **See** 18 Pa.C.S.A. §§ 901(a), 2709(a)(3).

[2] As a Tier I offender, Manella is subject to registration for a period of fifteen years and is required to appear annually in person at an approved site to verify his registration information and be photographed. **See** 42 Pa.C.S.A. § 9799.15(a)(1), (e)(1).

3.Whether [SORNA II] violates the Equal Protection [C]lause, particularly as it applies to [life-time offenders], because the post-deprivation process available to lifetime registration offenders to petition the court after twenty-five . . . years is not available [to Tier I offenders, who are required to register for fifteen years]?

Appellant's Brief at 5-6.

Manella's issues all challenge the constitutionality of Subchapter H of SORNA II. "[T]he constitutionality of a statute presents a pure question of law. Therefore, our standard of review is *de novo* and scope of review is plenary." ***Commonwealth v. Wade***, 33 A.3d 108, 115-16 (Pa. Super. 2011).

In addressing constitutional challenges to legislative enactments, we are mindful that:

> the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens. We emphasize that a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution.

***Commonwealth v. Torsilieri***, 232 A.3d 567, 575 (Pa. 2020).

A brief review of this Court's holding in ***Commonwealth v. Reslink***,___ A.3d ___, 2020 WL 7415959 (Pa. Super. 2020), is necessary given the nature of Manella's constitutional claims. There, the appellant challenged for the first time on appeal the constitutionality of Subchapter H, arguing that his claims implicated the legality of his sentence. ***See Reslink***,___ A.3d ___, 2020 WL 7415959, at *3-*4. However, the appellant failed to raise these claims before the trial court, in a motion to bar application of SORNA, or in a post-sentence motion. ***See Reslink***,___ A.3d ___, 2020 WL 7415959, at *8. As a result, this

Court found that the appellant waived his constitutional claims for failure to properly raise them in the trial court. ***See Reslink***,___ A.3d ___, 2020 WL 7415959, at *8.

Most recently, in ***Commonwealth v. Snyder***,___ A.3d ___, 2021 WL 1324388, at *9 (Pa. Super. 2021), a panel of this Court considered, and dismissed, identical constitutional claims because the appellant failed to raise these issues in the trial court. After recognizing that illegal sentencing claims cannot be waived for failure to raise them first in the trial court, the ***Snyder*** Court, however, found that ***Reslink*** "created an exception to the typical rules governing [Pa.R.A.P.] 302(a) waiver and claims aimed at allegedly illegal sentences." ***Snyder***,___ A.3d ___, 2021 WL 1324388, at *9. Therefore, even constitutional challenges to SORNA II reporting requirements can be waived by a failure to first raise them in the trial court. ***See Snyder***,___ A.3d ___, 2021 WL 1324388, at *9. As such, the ***Snyder*** Court concluded that the appellant had waived his issues. ***See Snyder***,___ A.3d ___, 2021 WL 1324388, at *9.

Here, Manella failed to assert his constitutional challenges to Subchapter H in a post-sentence motion. Instead, Manella presented them for the first time in his Rule 1925(b) statement. Therefore, under ***Reslink*** and ***Snyder***, we conclude that Manella waived his constitutional challenges to Subchapter H of SORNA II.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/29/2021</u>